**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | **PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSET** |
| -v.- | |
| MICHAEL GRAY, | S2 15 Cr. 5 (NSR) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/16/2022__

WHEREAS, on or about June 18, 2015, MICHAEL GRAY (the "defendant") was charged in a three-count Superseding Indictment, S2 15 Cr. 5 (NSR) (the "Indictment"), with *inter alia,* participating in a conspiracy to distribute 280 grams or more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b) (1) (A) (Count Two); and with participating in a conspiracy to distribute 500 grams or more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b) (1) (B) (Count Three);

WHEREAS, the Indictment included forfeiture allegations as to Counts Two and Three, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses alleged in Counts Two and Three of the Indictment and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts Two and Three, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense;

WHEREAS, on or about December 18, 2015, the defendant pled guilty to Count Three of the Indictment pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation as to Count Three and agreed to forfeit to the United States, pursuant to Title

18, United States Code, Section 853, a sum of money equal to $10,000 in United States currency, representing property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense alleged in Count Three of the Indictment;

WHEREAS, on or about May 6, 2016, the Court entered a Consent Order of Forfeiture (the "Order of Forfeiture") imposing a money judgment against the Defendant in the amount of $10,000 in United States currency (the "Money Judgment");

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite the exercise of due diligence, has been unable to locate the proceeds of the offense charged in Count Three of the Indictment;

WHEREAS, the United States is authorized, pursuant to Federal Rule of Criminal Procedure 32.2, to seek the forfeiture of the following asset of the Defendant, to be applied in partial satisfaction of the Money Judgment entered against him:

   a. $1,177 in United States currency seized from the defendant at the time of arrest on or about January 13, 2015 (the "Substitute Asset"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Asset to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.  The Substitute Asset shall be applied towards partial satisfaction of the Money Judgment entered against the Defendant upon the entry of a Final Order of Forfeiture with respect to the Substitute Asset.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, this Preliminary Order of Forfeiture as to Substitute Asset is final as to the Defendant, MICHAEL GRAY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. Upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, the United States Marshals Service (or its designee) is authorized to seize the Substitute Asset and hold the Substitute Asset in its secure custody and control.

5. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Asset. Any person, other than the Defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset pursuant to Title 21, United States Code, Section

853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

9. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Asset, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

11. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Substitute Asset to Assistant United States Attorney Alexander Wilson, Co-Chief of the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
August 16, 2022

SO ORDERED:

_____
HONORABLE NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE